8446

CINCINNATI GLASS & CHINA CO. v. WATT.

1. CONTRACTS—WRITTEN INSTRUMENTS.—Charge here complained of held to mean that one signing a written instrument is bound by it, notwithstanding his carelessness in not reading it, unless he had been defrauded or deceived into signing something he did not know the contents of.

2. IBID.—GOODS.—One ordering goods is not required to take them if the seller so intermingles them in shipping with goods not ordered that the buyer could not separate them but would have to take the whole lot to get what he ordered.

Before MEMMINGER, J., Anderson, February term, 1912. Affirmed.

Action by Cincinnati Glass and China Company against B. A. Watt. Defendant appeals.

*Messrs. Martin, Greene & Earle,* for appellant.

*Messrs. Bonham, Watkins & Allen,* contra.

March 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is an action for goods sold and delivered. The plaintiff claimed that it sold and delivered to the defendant a bill of goods amounting to one hun-

dred and thirty dollars and ninety-three cents. The defendant admitted giving an order to the agent of the plaintiff amounting to ten or twenty dollars. That he was very busy on the day the order was given and signed an order without reading it in a hurry. That the agent of .the plaintiff told him that he did not have his carbon with him, but that he also was in a hurry to see a man and that when he got to the hotel he would make out a duplicate and send it to him. That he received no duplicate. That on being informed that the goods had been shipped, he promptly notified the plaintiff that he had not ordered so large a bill. That the goods ordered and those not ordered were shipped together and he could not separate them, so he rejected the whole shipment. The defendant claims that the order was fraudulently increased and denies all liability thereon.

Plaintiff's witness testified that he wrote out the original order in full at defendant's request and left with him a duplicate which corresponded in all respects with the bill sued on and denies fraud.

There are six exceptions, but in argument they are reduced to three questions. This Court will adopt appellant's statement of the question and under the well settled practice of this Court, all other questions are deemed abandoned.

1. Exceptions I, II and V allege error on the part of the Circuit Judge in charging law that is not applicable to the case made by the pleadings and the proof. The portions of the charge to which these exceptions relate are as follows:

"Was he deceived into signing the order? If so, the law requires every one dealing with another to act fairly. It requires one party not to defraud another. And it requires a corresponding duty on the part of the other person to exercise due care and not to be deceived into doing something that he did not intend to do. That is the standard that the law requires."

"When the hogs arrived a great many of them were injured or damaged, and he put in a claim for their full value.   But it was shown in the case that he had not been deceived or misrepresented, and nothing had been misrepresented to him about the matter, he had been given the opportunity of reading over the paper if he desired to do so, and that it was through his own carelessness that he had not done so, and under the general principles of law he was bound by that which he had signed, he not having been defrauded or deceived into signing something that he did not know the contents of."

"It is respectfully submitted that the foregoing portions of the Circuit Judge's charge were inapplicable to this case, as made by the pleadings and the proof; and that the charge was misleading to the jury and prejudicial to defendant's case.   It amounts to saying, in the case at bar, 'If Watt is induced by the plaintiff to intrust to plaintiff's integrity the filling of a blank order, and if plaintiff takes advantage of his confidence and betrays the trust, fraudulently stuffing or filling in the order for a larger amount of goods not really bought by Watt, the plaintiff has the right, nevertheless, to call in the help of the Court to enforce his fraud against defendant if you find that defendant was negligently intrusting him.' "

This language does not bear the construction placed upon it by the appellant.   His Honor illustrated from a case in which this same position had been taken and said, "he had been given the opportunity of reading over the paper, if he desired to do so, and that it was through his own carelessness that he had not done so and under the general principles of law he was bound by that which he had signed, he not having been defrauded or deceived into signing something he did not know the contents of."

The natural inference was, that notwithstanding his carelessness, he was not liable if he had been deceived or defrauded.

This position can not be sustained.

2. Exception III imputes error to the Circuit Judge in charging as follows: "Now, of course as he stated here, he admits that he intended to order a certain amount of these goods. Now, if this Cincinnati Company sent him that amount which he intended to order, but sent it in such shape coupled up with other stuff on which they had deceived him, other stuff he claims not to put down on the paper, sending it in such shape that he could not get the other which he actually ordered without taking all the rest of the shipment which he had not ordered, of course, he would not have been bound to have accepted that, and wouldn't be responsible for that amount even. He would be responsible for nothing if it was shipped to him in such shape, coupled up with other stuff that he did not order, that he could not get it without accepting the whole shipment."

"It is respectfully submitted that this portion of the Circuit Judge's charge is erroneous, inapplicable, misleading and prejudicial to defendant's case, because, if fraud was practiced upon the defendant, as he claims, the contract for the purchase of the goods was cancelled and destroyed, and defendant, being no longer bound thereby, would not be bound to take the goods which he had really intended to order regardless of the shape in which said goods were shipped to him. Any material change of any portion of a written contract destroys the whole instrument."

The practical difference between the charge as made and appellant's position is not apparent. That the goods were shipped together and inseparable was not denied. His Honor charged "He would be responsible for *nothing* if it was shipped to him in such shape, coupled up with other stuff that he did not order; that he could not get it without accepting the whole shipment."

The sixth and seventh instructions remain to be considered. The sixth announced, without qualification, the propo-

sition that the holder of a bill of exchange, signed and indorsed in blank, has unlimited authority to fill it up at pleasure and bind the signer and indorser by his act.

This Court fails to find in the charge of his Honor anything from which this inference can be drawn.

Taken as a whole, the jury were instructed that if the order was procured by fraud, the defendant was not responsible.

The judgment of this Court is that the judgment appealed from is affirmed.